IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL R. GABERT,

                                      ORDER

           Plaintiff,

                                  16-cv-291-bbc

    v.

STATE OF WISCONSIN, CORPORATION COUNCIL,
THE PUBLIC UTILITIES, including WEDC and
STATE POOLED GROSS RETIREMENT/INVESTMENT FUND,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Federal district courts have an obligation to screen all complaints to determine whether there is a basis for exercising jurisdiction. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). This duty extends to screening a complaint to determine whether it is frivolous because "[a] suit that is utterly frivolous does not engage the jurisdiction of the federal courts. . . . Congress would not have wanted the federal courts to waste their time with such a case, and the courts therefore have an independent duty to refuse to entertain it." Carr v. Tillery, 591 F.3d 909, 917 (7th Cir. 2010). A suit is frivolous if "it is apparent from a reading of the complaint that there is no need to await the defendant's answer or motion to dismiss, or discovery or legal research, to determine that the case is going nowhere—that there's no possibility of the court's having authority to provide relief to the plaintiff." Carter v. Homeward Residential, Inc., 794 F.3d 806, 807 (7th Cir. 2015).

Pro se plaintiff Paul Gabert's complaint meets this standard. None of his allegations present a coherent narrative that gives rise to a viable claim under federal law. One passage from the pleading demonstrates the point:

> [M]y parents were concerned about a long distance call to the east coast, Maryland area. I think, on the date in question. I assumed it was mine but was befuddled as to how? and why, 2009 obtainment of a book titled <u>Biological Espionage on Russian Directorates Illegals Operations in the United States</u> published in 1988 by Alexander Kouzminov, disclosed targets of the operations included military, financial, intelligence and the human genome project in Maryland, as well as many others as subject to infiltration, acquisition, disinformation, subversion and malintent in general. I have also discovered a local organization and business listed as department 22, that the internet lists as WWII Russian subversion network acquiring, manipulating and employing allied forces to work for the Soviet and communist agenda.

Cpt., dkt. #1 at 4.

Missing from the complaint is any explanation of how a defendant or anyone else violated his federal rights. In fact, it is not clear whether plaintiff intended his complaint to begin a lawsuit because he does not identify any relief that he wants. In any event, it is clear that his allegations do not state a claim under federal law.

ORDER

IT IS ORDERED that plaintiff Paul Gabert's complaint is DISMISSED as legally

frivolous. The clerk of court is directed to enter judgment accordingly.

Entered this 17th day of June, 2016.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge